IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-67-FL
5:14-CV-409-FL

| | |
|---|---|
| WILLIAM IRA HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion to vacate filed on July 21, 2014. The government has moved to dismiss the motion for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and Petitioner has responded. This matter is referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that the government's motion be granted and that Petitioner's claims be dismissed for failure to state a claim.

## STATEMENT OF THE CASE

On May 15, 2013, Petitioner pleaded guilty, pursuant to a plea agreement, to one count of possessing ammunition in violation of a court order restraining him from harassing, stalking, or threatening an intimate partner in violation of 18 U.S.C. §§ 922(g)(8) and 924 (a)(2). On July 16, 2013, the court sentenced Petitioner to a 6-month term of imprisonment and 3-years' supervised release. Petitioner completed the active term of his sentence and began serving his supervised release on August 22, 2013. On January 24, 2014, the court revoked Petitioner's supervised release and sentenced him to a 9-month term of imprisonment. Prior to his release

from custody, Petitioner filed the motion presently before the court in which he seeks to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner asserts: (1) that this court lacked jurisdiction in his case because it involved a "purely family matter"; and (2) that his attorneys at his sentencing and revocation hearings were ineffective. Thus, he requests that this court vacate his conviction and sentence or remand his case for resentencing.

### I. Lack of Jurisdiction

Petitioner contends that the court lacks jurisdiction because "the alleged conduct was purely a family matter best suited to be handled by a family and/or State Court." (Petitioner's Mot. to Vacate at 13 [DE #64].) Federal district courts always have jurisdiction where a federal offense is charged. *See* 18 U.S.C. § 3231 (conferring original, exclusive jurisdiction over "all offenses against the laws of the United States"); *Jefferson v. United States*, No. 5:09-CR-251-FL, 2014 WL 324625 (Jan. 28, 2014). Here, Petitioner was charged under federal statute 18 U.S.C. § 922(g)(8) with possessing ammunition in violation of a court order restraining him from harassing, stalking, or threatening an intimate partner. The Fourth Circuit has held that this statute is constitutional. *See United States v. Mahin*, 668 F.3d 119, 126 (4th Cir. 2012); *United States v. Chapman*, 666 F.3d 220, 231 (4th Cir. 2012). Therefore, the court has jurisdiction over Petitioner's criminal case, and this claim should be dismissed.

### II. Ineffective Assistance of Counsel

Petitioner next argues that his trial attorney was ineffective in the following ways: (1) failing to move for suppression of evidence seized; (2) failing to investigate state proceedings before sentencing; (3) advising Petitioner to plead guilty; (4) failing to investigate the facts and

circumstances surrounding the alleged supervised release violations; and (5) failing to inform the court that Petitioner's guidelines had been incorrectly calculated. To establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. In the context of a plea, a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the petitioner bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

Petitioner contends that his attorney failed "to advise plea vs. trial" and failed to advise him that the facts of the case were insufficient to prosecute. (Pet'r's Mot. Vacate at 8 [DE #64].) Petitioner neither addresses this claim in his memorandum nor provides any related facts or circumstances to support this claim. Therefore, this claim should be dismissed for failure to state a claim. *See Nickerson v. Lee*, 971 F.2 d 1125, 1136 (4th Cir. 1992) (finding conclusory allegations insufficient to support a claim for ineffective assistance of counsel).

Petitioner next asserts that his attorney was ineffective for not filing a motion to suppress the ammunition that was found in Petitioner's car. In his complaint, Petitioner states that the arresting officer asked him if he could look for firearms in his car and Petitioner gave consent to search. Petitioner argues that the police officer was limited to searching specifically for firearms

and that Petitioner had ten days to turn over any firearms in his possession pursuant to the domestic violence protective order ("DVPO") entered against him in state court. At most, the DVPO authorized Petitioner's possession of the firearms, not ammunition, for a period of ten days in order to give Petitioner time to relinquish the firearms to the Halifax County Sheriff's Department. (Criminal Compl. at 8 [DE #1].) The record demonstrates that Petitioner had been served with the DVPO and went to his ex-wife's place of work in violation of the DVPO. He was arrested, gave consent to search his car, and ammunition was found in the car. Petitioner has not alleged any facts to demonstrate that his attorney acted unreasonably in failing to file a motion to suppress the ammunition recovered from Petitioner's car and this claim should therefore be dismissed.

Thirdly, Petitioner maintains his attorney was ineffective for failing to investigate the DVPO proceedings prior to sentencing. The basis of Petitioner's argument is that he was entitled to counsel at the DVPO hearing but no counsel was appointed. As such, Petitioner appears to assert that the DVPO was invalid and that a reasonable investigation by his attorney would have revealed that. However, at Petitioner's arraignment, he entered a plea of guilty pursuant to a plea agreement. The court conducted a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure and found his plea to be knowing and voluntary and supported by an independent factual basis of each of the essential elements of the offense. (See Rule 11 Tr. [DE #68] at 17-18.) Petitioner does not contend that his plea was not knowing and voluntary and Petitioner admitted at his Rule 11 hearing that he was subject to a DVPO and possessed ammunition. (*See* Rule 11 Tr. [DE #68] at 15-16.) Moreover, at sentencing, his attorney demonstrated knowledge of what had occurred at the DVPO hearing. (See Df.'s Sentencing Mem. [DE #29] at 6-8; Sentencing Tr. [DE #69] at 27-29.) Regarding investigating the state court proceedings,

4

Petitioner has not demonstrated his attorney acted unreasonably or that he was prejudiced by his attorney's actions.

Next, Petitioner claims his attorneys were ineffective during the revocation hearing because they did not properly investigate the alleged violation, and there was no evidence that Plaintiff "harmed anybody or meant to harm anybody, or even threaten[ed] to harm anybody." (Pet'r's Mot. Vacate at 19.) However, all of the additional facts provided by Petitioner were addressed at the hearing. After receiving evidence from both the government and Petitioner, the court found that Petitioner had violated the terms of his supervised release. Petitioner has provided no facts illustrating how his attorney acted unreasonably, nor has he indicated how he was prejudiced by his attorney's performance.

Lastly, Petitioner indicates his attorney was ineffective for failing to inform the court that the term of supervised release and sentencing guideline range were incorrectly interpreted and calculated. As to this claim, Petitioner appears to be challenging the sentence he received upon revocation of his supervised release. Petitioner provides no facts to support his conclusory statements. He merely states he should have received a downward departure or no sentence for his violations. Therefore, Petitioner's final claim, along with his other claims of ineffective assistance of counsel, should be dismissed for failure to state a claim.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss [DE #71] be GRANTED and the claims in Petitioner's motion to vacate [DE #64] be DISMISSED for failure to state a claim upon which relief can be granted.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to

5

Case 5:13-cr-00067-FL   Document 82   Filed 06/18/15   Page 5 of 6

file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 18th day of June 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge