IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CR-67-FL
NO. 5:14-CV-409-FL

| | |
|---|---|
| WILLIAM IRA HARRIS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, (DE 64), and the government's motion to dismiss, (DE 71), to which petitioner has filed a response in opposition. Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Kimberly Swank, entered memorandum and recommendation ("M&R") (DE 82) wherein it is recommended that the court grant respondent's motion to dismiss. Petitioner timely filed objections to the M&R, and respondent timely filed a response in opposition. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the M&R and grants respondent's motion to dismiss.

**BACKGROUND**

On July 16, 2013, petitioner pleaded guilty to one count of possessing ammunition in violation of a domestic violence protection order ("DVPO") pursuant to 18 U.S.C. §§ 922(g)(8) and 924 (a)(2), and was sentenced to six months imprisonment, sixth months of house arrest, and three years of supervised release. On December 9, 2013, after petitioner had finished the active term of

his imprisonment, petitioner was arrested for misdemeanor assault with a deadly weapon when an individual asserted that petitioner ran him off the road by driving at him. On January 24, 2014, the court found that petitioner had violated the terms and conditions of his supervised release and was sentenced to nine months imprisonment.

On July 21, 2014, petitioner proceeding pro se filed a motion to vacate under 28 U.S.C. § 2255, asserting the following claims: (1) A lack of personal and subject matter jurisdiction by the U.S. federal government; (2) ineffective assistance of counsel for a failure to make a motion to suppress evidence; (3) ineffective assistance of counsel for failure to investigate state proceedings; (4) ineffective assistance of counsel for advising petitioner to plea guilty and waive his right to appeal at the indictment; (5) ineffective assistance of counsel relating to petitioner's supervised release revocation hearing; and (6) ineffective assistance of counsel for failing to inform the court that the sentencing guidelines were being incorrectly interpreted and calculated. On September 02, 2014, respondent moved to dismiss all of petitioner's claims for failure to state a claim on which relief may be granted. On June 18, 2015, the magistrate judge entered an M&R recommending that respondent's motion to dismiss be granted. On July 22, 2015, petitioner objected to the M&R with respect to claims one, two, three, and four.

**DISCUSSION**

A.      Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687

2

F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S.

3

at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir.2009) (citations omitted).

    1.    Claim One – Jurisdiction

Petitioner challenges both the subject matter and personal jurisdiction of the federal court in this matter. "The district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Petitioner was charged under federal statute 18 U.S.C. § 922(g)(8), which the Fourth Circuit has held to be constitutional. United States v. Mahin, 668 F.3d 119, 123-127 (4th Cir. 2012). While petitioner claims he had no way of knowing that federal law could apply to a domestic dispute, the DVPO explicitly states that "[f]ederal law makes it a crime for you to possess, transport, ship, or receive any firearm or ammunition while this order is in effect." (DVPO, DE 1-25 at 2). Petitioner lives in Wake County within the Eastern District of North Carolina, and has not alleged any defect that would have given rise to a question of personal jurisdiction.

    2.    Claim Two – Suppression

In order to establish ineffective assistance of counsel, petitioner must show "(1) that his attorney's performance 'fell below an objective standard of reasonableness' and (2) that he experienced prejudice as a result, meaning that there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. Fugit, 703 F.3d 248, 259 (4th Cir.2012) (quoting Strickland v. Washington, 466 U.S. 668,

4

687–88, 694 (1984)).

Petitioner argues that counsel was ineffective in failing to make a motion to suppress the ammunition found in plaintiff's car, and makes two arguments for why the ammunition should have been suppressed: (1) the arresting officer was only given permission to "look" in his car for firearms, not for a "thorough search for ammunition;" and (2) petitioner had ten days to turn over all firearms and ammunition.

Even though petitioner only granted permission to search the automobile for firearms, the officer was not obligated to ignore any other contraband he might find, so long as he limited his search to one that was reasonable for firearms. Florida v. Jimeno 500 U.S. 248 (1991) ("A criminal suspect's Fourth Amendment right to be free from unreasonable searches is not violated when, after he gives police permission to search his car, they open a closed container found within the car that might reasonably hold the object of the search"). Having been granted permission by plaintiff to look in the automobile for firearms, the arresting officer was reasonable in searching those locations where a firearm might be found, including the glove compartment. See Id.

Petitioner argues that he had ten days from the date of the DVPO to turn over both ammunition and firearms, and that possession of ammunition and firearms during this period did not violate the terms of the DVPO. However, this is a mischaracterization of the DVPO, which has a general requirement prohibiting the possession of firearms and ammunition by petitioner, with a ten day grace period carved out explicitly for certain firearms. (DVPO, DE 25-1 at 1, 4). Petitioner argues that the ten day authorization must have applied to ammunition because he had so much of it, but the ten day limit was provided for the firearms that petitioner claimed were not currently in his possession, including several that were the property of his ex-wife. The DVPO references

5

Case 5:13-cr-00067-FL   Document 87   Filed 10/13/15   Page 5 of 8

certain firearms given to "Sonny" and "Kyle Jenkins" as the ones to which the ten day limit applied. (Id.) ("Defendant to turn over all firearms in #4 to the Halifax County Sheriff's department within 10 days."). The carve out does not mention ammunition, nor was any other carve out provided for ammunition that may have allowed petitioner to possess ammunition for a period after the DVPO was issued.

These facts do not support petitioner's allegation that his attorney acted unreasonably in failing to file a motion to suppress the ammunition recovered from petitioner's car, and this claim must be dismissed.

3. Claim Three – State Proceedings

Petitioner argues that his counsel was ineffective for failing to investigate the validity of the DVPO, as he did not have counsel at the hearing granting the DVPO. First, petitioner's attorney demonstrated knowledge of the DVPO hearing at sentencing. (Sentencing Motion, DE 29 at 6-8); (Sentencing Tr. DE 69 at 27-29). Second, neither the United States Constitution nor North Carolina state law provide for a right to counsel at a DVPO hearing. See Lassiter v. Dept. of Social Servs. of Durham Cnty., 452 U.S. 18, 26-27 (1981) ("an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty"); See also McBride v. McBride, 334 N.C. 124, 131 (1993). Petitioner was not deprived of his physical liberty for losing in the DVPO hearing, but for losing the hearing that determined he violated the DVPO. Petitioner had counsel at this subsequent hearing; it is the efficacy of said counsel that is the subject of the instant motion. Because petitioner's attorney demonstrated knowledge of the DVPO hearing, and petitioner did not in any case have a right to counsel at the DVPO hearing, this claim must be dismissed.

4. Claim Four – Guilty Plea

Petitioner argues that his counsel was ineffective in advising him to enter a guilty plea and waive his rights to appeal, where there were "insufficient facts to prosecute." Petitioner here refers to the ineffective assistance of counsel argument addressed under claim three, and petitioner provides no other facts explaining why counsel was ineffective in advising him to enter a guilty plea. Absent such facts, this claim must be dismissed.

5. Claim Five, Six – Revocation Hearing, Sentencing

Petitioner did not object to the magistrate judge's findings on the fifth and sixth claims. Finding no clear error, the court adopts the findings of the magistrate judge with respect to these claims. Claims five and six must therefore by dismissed.

6. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the government's motion to dismiss (DE 71) is GRANTED, and petitioner's motion to vacate, (DE 64) is DENIED. A certificate of appealability is DENIED.

SO ORDERED, this the 12th day of October, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

8